IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DENNIS RILEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-00728-SMY |
| | ) | |
| **STEVEN KWIATKOWSKI,** | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dennis Riley, an individual who is currently on parole, brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that Defendant, Steven Kwiatkowski, a correctional officer at Vienna Correctional Center ("Vienna"), deliberately refused him access to medical care for a serious medical condition, in violation of the Eighth Amendment (*Id.* at 5). Specifically, Plaintiff alleges that as a result of Defendant's refusal to give him access to medical care, he was forced to undergo an emergency tracheotomy. In connection with this claim, the Plaintiff seeks a written apology from the defendant, punitive damages and for the Illinois Department of Corrections ("IDOC") to conduct training of employees regarding medical emergencies.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff alleges that on or around July 20, 2015, while housed at Vienna, he began to feel extremely ill (Doc. 1 at 5). He approached Defendant Kwiatkowski and asked to be sent to the medical unit (*Id.*). He reportedly told Kwiatkowski that he was having trouble breathing, but Kwiatkowski denied him access to medical treatment (*Id.*). Plaintiff went to his cell to rest and did not awaken until the next day (*Id.*).

Plaintiff again approached Kwiatkowski for care because the pain in his body was worse (*Id.* at 5-6). Kwiatkowski again denied care, telling him, "you don't look sick." (*Id.*). Plaintiff returned to his bunk to rest (*Id.*). When he awoke his neck was swollen to the size of a balloon and his airway was closing (*Id.*). He approached a correctional officer, the medical unit responded, he received an emergency steroid shot and was transported to a hospital (*Id.*). At the hospital he had three to four surgeries which included a tracheotomy and the insertion of a peg tube into his stomach (*Id.*). He allegedly grieved the denial of care at Vienna but received no response (*Id.*).

## Discussion

Based on the allegations, the Court finds it appropriate to treat the Plaintiff's Complaint as setting forth a single claim of Eighth Amendment deliberate indifference. The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (per

curiam). To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent—deliberate indifference—towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Put differently, a plaintiff must make a two part showing—(1) that his condition is objectively serious, and that, (2) subjectively, the treating physician intentionally and deliberately failed to provide adequate care. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things. *Id.* As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369.

The Plaintiff's alleged conditions—extreme pain and a closing airway—are objectively serious for purposes of an Eighth Amendment claim. *See id.* at 1373. However, the Plaintiff's claim does pass the subjective hurdle based upon the limited facts presented. Plaintiff claims that he asked Kwiatkowski for medical care on two occasions, that Kwiatkowski said he did not look sick, and that when his airway ultimately was closing, his neck was visibly swollen like a balloon. The critical link that is missing however is whether Kwiatkowski was actually able to observe any physical indicia of distress, or if he had any reason to know of Plaintiff's physical ailments. Absent such a showing, Plaintiff has not provided evidence that Kwiatkowski

personally was aware of the fact that there was a serious medical condition and that he *intentionally* chose to disregard that condition. See *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation"). Accordingly, at this juncture, Plaintiff's Complaint must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motions

Plaintiff has filed two identical Motions for Leave to Proceed *In Forma Pauperis* (Docs. 2, 3). Ruling on the motions will be deferred if and until the Plaintiff files his First Amended Complaint. The Court cannot grant *In Forma Pauperis* status if the Plaintiff's complaint fails to state a claim upon which relief may be granted. See *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) (when assessing an IFP motion, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous or meritless, it should deny leave to proceed IFP). In light of the opportunity to amend, it is appropriate to defer ruling.

Plaintiff also has a motion pending for appointment of counsel (Doc. 4). Ruling on this motion will be deferred if and until the Plaintiff files his First Amended Complaint.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file an amended complaint on or before December 5, 2016. Should Plaintiff fail to file his first amended complaint within the allotted time, dismissal will become with prejudice and a "strike" will be assessed. Fed R. Civ. P. 41(b). See generally *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir.

1994); 28 U.S.C. 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint." Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should include *only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint. Finally, the amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**
