IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:16-cv-00728-SMY |
| | ) |
| STEVEN KWIATKOWSKI, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dennis Riley, an individual who is currently on parole, brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims that Defendant, Steven Kwiatkowski, a correctional officer at Vienna Correctional Center ("Vienna"), deliberately refused him access to medical care for a serious medical condition, in violation of the Eighth Amendment. (Doc. 1, p. 5). Specifically, Plaintiff alleges that as a result of Defendant's refusal to give him access to medical care, he was forced to undergo an emergency tracheotomy. In connection with this claim, Plaintiff seeks a written apology from the defendant, punitive damages and for the Illinois Department of Corrections ("IDOC") to conduct training of employees regarding medical emergencies.

On November 7, 2016, Plaintiff's Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted. (Doc. 7). Plaintiff was allowed until December 5, 2016 to file an amended complaint. *Id.* On December 21, 2016, the Court denied Plaintiff's pending Motion for Recruitment of Counsel. (Doc. 9). That Order *sua sponte* granted Plaintiff a brief extension, until December 28, 2016, with regard to filing his amended complaint. *Id.* Plaintiff was warned, in two separate orders, that failure to file a First Amended

1

Complaint would result in dismissal of the action with prejudice and the assessment of a strike. (Docs. 7, 9).

The extended deadline for filing the First Amended Complaint has now passed.  Plaintiff did not file a First Amended Complaint.  He also did not request an extension of the deadline for doing so.  The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED with prejudice**, based on Plaintiff's failure to comply with this Court's Order (Doc. 7).  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  However, despite the Court's prior warnings, **this dismissal shall *not* count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).**  In the instant case, Plaintiff was on parole at the time of filing.  Accordingly, the instant dismissal cannot be counted as a "strike" under the PLRA.  *Steele v. Cottey*, 234 F.3d 1274 (7th Cir. 2000) (PLRA does not apply to convicts who file suit after being released from prison).[1]

**Also pending is a Motion for Leave to Proceed *In Forma Pauperis***. (Doc. 2).  Upon review of the financial information provided with Plaintiff's motion, the Court is satisfied that Plaintiff meets the applicable poverty requirements.  Accordingly, the motion is **GRANTED**.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at

---

[1] For an action or appeal to be deemed a strike, it must be brought by a prisoner "while incarcerated or detained in any facility."  28 U.S.C. § 1915(g); *Steele v. Cottey*, 234 F.3d 1274 (7th Cir. 2000).  For purposes of the PLRA, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."  28 U.S.C. § 1915(h).  Accordingly, an action brought while an individual is on probation, which is subsequently dismissed as frivolous, cannot be counted as a "strike" under the PLRA.  *Steele,* at 1274.

467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 10, 2017**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**United States District Judge**
